IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALVIE ELLIOT BUTCHER,

        Petitioner,        Civil No. 07-1072-TC

        v.        FINDINGS AND
                RECOMMENDATION
MARK NOOTH,

        Respondent.

COFFIN, Magistrate Judge.

By Order (#6) entered September 12, 2007, petitioner was required to show cause why his petition for writ of habeas corpus should not be denied because he failed to exhaust state remedies and because it is time barred.

In his responses (#7) and (#8) to the court's order, petitioner acknowledges he procedurally defaulted his claims

1 - FINDINGS AND RECOMMENDATION

by not appealing the denial of his state petition for post-conviction relief to the Oregon Supreme Court. Petitioner argues that cause and prejudice sufficient to excuse his failure to exhaust (procedural default) because of ineffective assistance of his post-conviction counsel and because the State of Oregon did not provide him with an attorney. See Response (#8) p. 3.

Petitioner alleges that on June 14, 2003, he notified the Oregon Court of Appeals that he no longer wanted his court appointed attorney to represent him "in any way and that I did not recognize him as my legal representative in any way." Response (#8) p. 2. Petitioner further alleges that "the State Court Administrator did not appoint any attorney to replace my previous counsel which I had fired." Id. Petitioner argues that his procedural default should be excused because the State of Oregon "is responsible for the denial of counsel." Response (#8) p. 3.

There is no constitutional right to counsel in state post-conviction proceedings. Coleman v. Thompson, 501 U.S. 722 (1991). Therefore, failure to provide effective assistance of counsel does not amount to "cause" for purposes of relieving default. Id at 752.

2 - FINDINGS AND RECOMMENDATION

The Oregon Court of Appeals denied petitioner's petition for post-conviction relief in July, 2003. Petitioner did not file his federal petition until July 23, 2007. If petitioner's failure to exhaust (procedural default) is excused, the Oregon Court of Appeals decision in July, 2003, would be the final state court decision concerning his conviction and the one year statute of limitation would begin to run as of that date. Under these circumstances, petitioner's petition is time barred by the one year statute of limitations as discussed in the court's previous order.

Petitioner apparently argues that his multiple subsequent legal actions, including a "Redress of Grievances" in the Oregon Supreme Court, a previous petition under 28 U.S.C. § 2254[1], and a "Tort Claim against the Oregon Department of Justice," see, Response (#8) p. 3-4, should toll the limitations period under 28 U.S.C. § 2244(d). However, none

---

[1] Court records indicate that petitioner previously filed a petition under 28 U.S.C. § 2254 in CV-03-1022-BR which was dismissed by Order and Judgment entered January 20, 2006. Therefore this proceeding is improper because petitioner has alleged or established that he has obtained the required certification to proceed with a second or successive petition under 28 U.S.C. § 2254 from the Ninth Circuit Court of Appeals. I have chosen not to address this issue because the procedural error is arguably subject to cure. The exhaustion and statute of limitations issues discussed herein are fatal and dispositive.

3 - FINDINGS AND RECOMMENDATION

of petitioner's various legal actions constitute properly filed state collateral proceeding under § 2244(d). Nor has petitioner established entitlement to equitable tolling because extraordinary circumstances beyond his control made it impossible to file a petition in time. Allen v. Lewis, 255 F.3d 798, 799 (9th Cir. 2001).

Based on all of the foregoing, petitioner's Petition (#1) should be denied on the ground that petitioner failed to exhaust state remedies with respect to his claims and as time barred under 28 U.S.C. § 2241(d)(1). This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right

4 - FINDINGS AND RECOMMENDATION

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 25 day of October, 2007.

Thomas M. Coffin
United States Magistrate Judge